**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MARQUEE L. SMITH, #1628253,** § | |
| **Petitioner,** § | |
| § | |
| v. § | **CIVIL NO. 3:14-CV-4416-B-BK** |
| § | |
| **WILLIAM STEPHENS,** § | |
| **Director, TDCJ-CID,** § | |
| **Respondent.** § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be dismissed in part and denied in part

**I. BACKGROUND**

On February 19, 2008, Petitioner entered a no contest plea to aggravated assault with a deadly weapon (lesser included offense of aggravated sexual assault of a child with a deadly weapon) and was sentenced to five years' deferred adjudication community supervision. *Ex parte Lemus*, No. 80,545-01 (Tex. Crim. App. 2012); Doc. 11-12 at 136. On February 18, 2010, after he pleaded not true to the violation allegations, the trial court revoked Petitioner's probation, adjudged him guilty of the underlying offense, and sentenced him to 20 years' imprisonment. Doc. 11-12 at 143. Petitioner's direct appeal was unsuccessful and the Texas Court of Criminal Appeals subsequently denied him state habeas relief. *See Smith v. State*, No. 05-10-00267-CR, 2011 WL 2420277 (Tex. App.—Dallas June 17, 2011, pet. ref'd); *Ex parte*

*Smith*, No. 80,100-01, Doc. 10-15 (Tex. Crim. App. September 17, 2014) (denying state application without written order on the trial court's findings after a hearing).

In his *pro se* federal petition, Petitioner asserts his actual innocence of the offense of conviction and complains of prosecutorial misconduct and ineffective assistance of counsel at trial and during the probation revocation proceeding. Doc. 3 at 5-7. Respondent argues the claims challenging the original plea of no contest are time barred and that the claims challenging the revocation/adjudication proceedings lack merit. Doc. 14. Petitioner has filed a reply. Doc. 15.

## II. ANALYSIS

### A. Original Plea Claims are Time Barred (Grounds 2-4)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Because Petitioner's claims relate to the initial guilty plea and placement on deferred adjudication probation, the one-year statute of limitations runs from the date the deferred-adjudication order became final under 28 U.S.C. § 2244(d)(1)(A). *See Caldwell v. Dretke*, 429 F.3d 521, 528-529 (5th Cir. 2005) (state court order of deferred adjudication community supervision is a final judgment that triggers the federal habeas limitations period under section 2244(d)(1)(A)); *see also Tharpe v. Thaler*, 628 F.3d 719, 723-725 (5th Cir. 2010) (reaffirming *Caldwell*'s holding and reconciling it with *Burton v. Stewart*, 549 U.S. 147 (2007)). Petitioner's arguments to the contrary lack merit. Doc. 15 at 5-6.

Applying *Caldwell* to this case, Petitioner's deferred-adjudication judgment became final on March 20, 2008 -- 30 days after the state court deferred adjudicating his guilt and placed him on the five-year term of community supervision.  The one-year period, thus, expired on March 20, 2009.  Because Petitioner did not file his state application until December 6, 2012[1] -- more than three and one-half years after the one-year period expired -- he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after one-year period expired does not statutorily toll limitations period).

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final.  While Petitioner asserts "newly discovered evidence," he fails to show that he could not have discovered the information before he pleaded guilty or at least by the time the deferred adjudication order became final.  *See Flanagan v. Johnson,* 154 F.3d 196, 199 (5th Cir. 1998) ("Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim."); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (rejecting prisoner's assertion that the one-year period begins when he "actually understands what legal theories are available").

---

[1] The state application is deemed filed on December 6, 2012, the date on which Petitioner signed it (Doc. 11-12 at 19) and likely also handed it to prison officials for mailing.  *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application).

Consequently, the federal petition, deemed filed as of December 12, 2014, is clearly untimely as to the claims challenging the underlying guilty plea absent equitable tolling.[2]

Petitioner's pleadings do not request equitable tolling, apart from claiming actual innocence of the underlying charge. Doc. 15 at 4, 6-7. Nevertheless, his filings do not present "rare and exceptional circumstances" warranting equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief."). Furthermore, Petitioner's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."). Accordingly, Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

---

[2] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court deems the federal petition filed on December 12, 2014, when Petitioner signed the same. (Doc. 3 at 8).

Additionally, despite the fact that he pled no contest to aggravated assault with a deadly weapon, Petitioner requests the Court to consider his actual innocence claim. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, ––– U.S. –––, 133 S. Ct. 1924, 1928 (2013). To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner presents no new, *credible* evidence that would undermine this Court's confidence regarding the state court's findings of guilt. Following an evidentiary hearing on state habeas review, the trial court concluded the victim's affidavit[3] did not constitute newly discoverable evidence and that it was "unpersuasive" and "fail[ed] to unquestionably establish the [Petitioner's] innocence." Doc. 11-11 at 156. The state court made the following additional findings regarding the victim Elizabeth Celestine Smith:

> 11. This Court finds that Elizabeth signed the affidavit included with applicant's application, but did not write the affidavit.
>
> 12. This Court finds that the delay between applicant's plea and the new affidavit was attributable to Elizabeth's intermittent periods of incarceration and transient lifestyle. (WRR: 14, 37).
>
> 13. This Court finds that Elizabeth's assertion of applicant's innocence is not credible.
>
> 14. This Court finds that a supplemental report from SWIFS that identifies applicant as the sole contributor of DNA retrieved from Elizabeth's sexual assault exam was admitted into evidence at the April hearing. (WRR:6).

---

[3] The federal petition includes a copy of the victim's 2012 affidavit. Doc. 3 at 16-17.

>15. This Court finds that Elizabeth's own statement and the medical reports from her rape exam indicate that the attacker did not wear a condom. (WRR:39-40, 44).
>
>16. The Court finds that applicant did not present any evidence of a consensual sexual relationship between himself and Elizabeth.

Doc. 11-11 at 155-156.

In his reply, Petitioner states that the victim's statement "that her attacker wore a condom" is supported by multiple sources, including 2012 telephone calls from the victim (submitted on a CD with the federal petition), an interview with the Dallas County Public Defender's Office, and the victim's own testimony at the 2014 state habeas evidentiary hearing. Doc. 15 at 7-8. Petitioner also claims that the sole presence of his DNA was due to unprotected sex with the victim when she was a prostitute in 2005. Doc. 15 at 7-8. However, the trial court rejected those arguments in reviewing the state habeas application as previously noted. Thus, Petitioner has failed to present a credible claim of actual innocence by producing new evidence that is sufficient to persuade this Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 133 S. Ct. at 1928 (quoting Schlup, 513 U.S. at 329). Accordingly, the "actual innocence" exception is not applicable to this case, and the claims challenging the underlying guilty plea should be dismissed as time barred. *See id.* at 1936 (actual innocence gateway is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.") (quotations and quoted case omitted).

### B.  Revocation Proceedings Claims Lack Merit (Grounds 1, 6-7)

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," as the decision of the state court is reviewed under a highly deferential standard" and afforded the "benefit of the doubt." *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).

*Actual Innocence (Ground 1)*

Petitioner contends he is actually innocent of the underlying crime. Actual innocence, however, is not cognizable as a freestanding federal habeas claim. *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014) (summarizing circuit precedent precluding freestanding actual innocence claim); *Foster v. Quarterman*, 466 F.3d 359, 367-368 (5th Cir. 2006). Nevertheless, the state habeas court rejected Petitioner's claim and its determination was neither contrary to, nor involved an unreasonable application, of clearly established federal law. Accordingly, the first claim has no merit.

*Double Jeopardy (Ground 6)*

Petitioner asserts that his probation was revoked in violation of the Double Jeopardy Clause. He claims the revocation was based on (1) a criminal charge for which he had previously been acquitted, and (2) a probation violation for which he had previously served a ten-day sentence of imprisonment in 2008, and was thereafter continued on probation. Doc. 3 at

7; Doc. 15 at 8-9.  Thus, he maintains his probation revocation was not based on evidence of any *new* criminal offense and/or probation violation.  Doc. 15 at 8.

      The Fifth Amendment's Double Jeopardy Clause protects against multiple criminal punishments for the same offense and successive prosecutions for the same offense after acquittal or conviction.  *Monge v. California*, 524 U.S. 721, 727-728 (1998).  Double jeopardy does not apply to Petitioner's revocation hearing, however, since Petitioner's guilt or innocence was not at issue, rather, the only issue is whether he violated the contract he made with the court in connection with the order granting probation.  *Kelly v. State*, 483 S.W.2d 467, 469 (Tex. Crim. App. 1972)[4]; see also *Duke v. State*, 2 S.W.3d 512, 516 (Tex. App.-San Antonio 1999, no pet.). Petitioner's probation was revoked only upon the trial court's finding that he had violated a condition of his probation.  See *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (probation may be revoked only based on an affirmative finding that the defendant violated the terms of the order of probation by preponderance of the evidence).  Also, in this case, there was no previous acquittal of the original criminal offense, as Petitioner actually pled guilty to the charge, and the trial court only deferred finding Petitioner guilty pending his successful completion of a term of community supervision, which Petitioner failed to do.[5]

---

[4] The Texas Court of Criminal Appeals has clarified that community-supervision revocation proceedings are not administrative hearings, but that they are judicial proceedings, to be governed by the rules established to govern judicial proceedings.  *Ex parte Doan*, 369 S.W.3d 205, 212 (Tex. Crim. App. 2012).

[5] Texas law provides that, "when in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision."  TEX. CODE CRIM. PROC. ANN. art. 42.12 Sec. 5 (West 2015).

Moreover, it is of no consequence that Petitioner was acquitted of the criminal conduct that subsequently served as the basis for revocation of his deferred adjudication probation. Even after acquittal, the State still was permitted to "attempt to prove the same allegation by a preponderance of the evidence, by moving to revoke probation." *Ex parte Tarver*, 725 S.W.2d 195, 197 n. 2 (Tex. Crim. App. 1986). As noted in *Ex parte Tarver*, "an acquittal of the offense will not bar a subsequent revocation of probation based on the same allegation." *Id.* at 200[6]; *see also McDonald*, 608 S.W.2d 192, 199 (Tex. Crim. App. 1980) (fact that jury was unable to reach verdict at probationer's trial for offense which was subsequently used to revoke probation was inconsequential to appeal from revocation); *Harris v. State*, 1999 WL 441893, at *6-7 (Tex. App. July 1, 1999) (unpublished) (rejecting appellant's contention that because the jury acquitted him of attempting to take a firearm from a peace officer, there was insufficient evidence for the trial judge to find he violated a condition of his probation).

Petitioner also claims a double jeopardy violation because his probation was revoked based on a probation violation for which he had previously served a ten-day sentence in 2008, and was subsequently continued on probation. However, "no question of double jeopardy arises

---

[6] In *Ex parte Tarver*, the state court addressed whether the Double Jeopardy Clause precluded a defendant from being tried on an assault charge *after* probation revocation proceedings on the basis of the same assault. 725 S.W.2d at 196-197. The court rejected the petitioner's double jeopardy claim holding that any punishment for probation violation would not have been for assault, but for the offense he was originally convicted. *Id.* at 197. The court held, however, that collateral estoppel (which does not require that the defendant be twice placed in jeopardy of criminal punishment) barred the State from prosecuting the defendant for assault after having failed to prove the same allegations in the probation revocation hearing. *Id.* That court's collateral estoppel holding is of no moment here, however, since the revocation hearing followed the trial. "In a criminal trial, the jury is required to find the accused guilty beyond a reasonable doubt in order to convict," whereas in a probation revocation proceeding, the State must only "prove a violation by the probationer by a preponderance of the evidence." *McDonald v. State*, 608 S.W.2d 192, 199 (Tex. Crim. App. 1980).

unless jeopardy has first attached sometime prior to what the defendant seeks to characterize as the 'second' prosecution." *Fransaw v. Lynaugh*, 810 F.2d 518, 523-524 (5th Cir. 1987). In the context of a guilty plea, jeopardy attaches only when the trial court accepts the guilty plea. *Ortiz v. State*, 933 S.W.2d 102, 106 (Tex. Crim. App. 1996) (citing *Fransaw*, 810 F.2d at 523-524). As mentioned previously, when Petitioner was placed on community supervision, the "criminal proceedings [were] deferred without an adjudication of guilt." TEX. CODE CRIM. PROC. ANN. art. 42.12 Sec. 2(2)(A) (West 2015). Petitioner's guilt was not adjudicated until the probation revocation hearing on February 17, 2010. Doc. 10-5 at 120. Thus, in 2008, when the state court ordered Petitioner to serve ten days in jail and continue on probation, jeopardy had not yet attached.

For the foregoing reasons, Petitioner's double jeopardy claim fails as a matter of law.

*Ineffective Assistance of Counsel (Ground 7)*

Petitioner asserts his counsel, David Pire, rendered ineffective assistance at his 2010 revocation/adjudication hearing by failing (1) to object to the use of the 2008 probation violation (which had resulted in a ten-day sentence and continuation of the probation term) and (2) to seek a ruling on the use of the previous probation violation. Doc. 3 at 7, 9.[7] Respondent argues there is a limited right to counsel in a parole revocation context, *Gagnon v. Scarpelli*, 411 U.S. 778

---

[7] Although the petition also appears to raise ineffective assistance of counsel in connection with the 2008 revocation proceeding, Petitioner's contention in his reply does not support that interpretation. Doc. 3 at 7, Doc. 15 at 8-9. Nevertheless, as Respondent correctly argues, any claim regarding the 2008 proceeding is unexhausted and procedurally barred and Petitioner has neither alleged nor shown cause and prejudice or a fundamental miscarriage of justice. *See Ries v. Quarterman*, 522 F.3d 517, 523-524 (5th Cir. 2008) (failure to exhaust is generally a procedural bar to federal habeas review).

(1973), and the Supreme Court has not addressed whether a probationer is entitled to the same level of representation as a criminal defendant.  That argument is a non-starter in this instance since a criminal defendant certainly has the right to counsel at the time his guilt is adjudicated and he is sentenced for a felony offense.  That notwithstanding, Petitioner's claim of ineffective assistance fails under the *Strickland v. Washington* standard.

The Court reviews ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'"  *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted).  In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."  *Richter*, 562 U.S. 86, 101.

Here, the state habeas judge rejected Petitioner's ineffective assistance claim:

> 9. This Court finds that, during closing arguments, Pire did, in fact, argue against the State's inclusion of the July 2008 solicitation of prostitution arrest alleged in the amended motion, specifically on the grounds of collateral estoppel and double jeopardy.  (RR2:116-117).
>
> 10. This Court finds that, at the hearing, the trial court found that appellant violated the terms of his community supervision by committing four violations, including the July 2008 solicitation of prostitution arrest.  (RR2:120). This Court's findings were clarified for the record prior to the commencement of the punishment hearing on February 18, 2010.  (RR3:5).

Doc. 11-11 at 163.

Even when liberally construed, Petitioner's assertions of ineffective assistance of counsel do not show that counsel's performance was deficient or that it prejudiced him.  *Strickland*, 466 U.S. 668, 687.  Even assuming that the trial court mistakenly found that counsel actually lodged the objection, for the reasons previously stated, Petitioner cannot show a non-frivolous basis for

trial counsel to object on double jeopardy grounds. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness"). Nor has he demonstrated a reasonable probability that, but for counsel's failure to object on double jeopardy grounds, the outcome of the revocation/adjudication hearing would have been different.

Based on the foregoing, Petitioner cannot overcome the strong presumption that he received effective assistance of counsel during the revocation/adjudication proceedings. The state court's denial of relief on this ground was a reasonable application of federal law. Thus, Petitioner's claim has no merit.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED with prejudice as time barred** as to the claims related to his plea of guilty to the original offense, and that it be **DENIED on the merits** as to the claims relating to the subsequent revocation proceedings.

SIGNED January 12, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE